**Charlie HARRIS and Mose Batie, individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**Don SIEGELMAN, in his official capacity as Attorney General of Alabama, et al., Defendants,**

**John W. Jones, Jr., as Judge of Probate of Dallas County, Alabama; et al., Defendant–Intervenors.**

**Civ. A. No. 84–T–595–N.**

United States District Court, M.D. Alabama, N.D.

Sept. 7, 1988.

James U. Blacksher, Birmingham, Ala., Terry Davis, Montgomery, Ala., Julius Chambers, Lani Guinier, New York City, Larry T. Menefee, Birmingham, Ala., for plaintiffs.

Joseph E. Faulk, Troy, Ala., for defendants Powell and Anderson.

Charles Graddick, Atty. Gen., Gregory Griffin, David Christy, Asst. Attys. Gen., Montgomery, Ala., for defendants Stone, Siegelman, Hale, Tallapoosa, Clay, Cherokee, Barbour & Marengo.

Hobson Manasco, Jr., Haleyville, Ala., for Winston County—Judge, Clerk & Sheriff.

Robert J. Teel, Teel & Teel, Rockford, Ala., for Coosa Co. Democratic Executive Committee.

Richard H. Ramsey, III, Dothan, Ala., for Houston County—Sheriff, Probate Judge, and Circuit Clerk.

Frank C. Ellis, Jr., Wallace, Ellis, Head & Fowler, Columbiana, Ala., for Shelby County—Judge of Probate, Circuit Clerk and Sheriff.

Harold V. Hughston, Jr., Hughston, Hughston & Hughston, Tuscumbia, Ala., for Colbert County—Probate Judge, Circuit Clerk, and Sheriff.

James C. Wood, Mobile, Ala., for Mobile County—Election Appointment Bd.

Louis C. Rutland, Union Springs, Ala., for Bullock County—Probate Judge, Sheriff and Circuit Clerk.

Kirtley W. Brown, Marion, Ala., for Perry County—Probate Judge, Sheriff and Circuit Clerk.

J. Knox Argo, Argo & Enslen, Montgomery, Ala., for Montgomery County—Judge of Probate, Circuit Clerk and Sheriff.

Edwin A. Strickland, and Max C. Pope, Fulford, Pope & Natter, Birmingham, Ala., for Jefferson County—Probate Judge, Circuit Clerk and Sheriff.

Cartledge W. Blackwell, Jr., Blackwell & Keith, Selma, Ala., for Dallas Co.—Probate Judge, Circuit Clerk and Sheriff.

John H. England, Jr., England & Bivens, Tuscaloosa, Ala., for Greene County—Probate Judge, Sheriff and Circuit Clerk.

Woodford W. Dinning, Jr., Lloyd, Dinning, Boggs & Dinning, Demopolis, Ala., for Marengo—County Probate Judge, Circuit Clerk and Sheriff.

Wallace H. Lindsey, III, Butler, Ala., for Choctaw Co.—Sheriff, Circuit Clerk and Judge of Probate.

Warren Rowe, Rowe, Rowe & Sawyer, Enterprise, Ala., for Coffee County—Probate Judge, Circuit Clerk and Sheriff.

Henry B. Steagall, III, Steagall & Adams, Ozark, Ala., for Dale County—Probate Judge, Circuit Clerk and Sheriff.

Robert D. McWhorter, Jr., Buttram & McWhorter, Centre, Ala., for Cherokee County—Judge of Probate, Sheriff and Circuit Clerk.

James W. Webb, Webb, Crumpton, & McGregor, Montgomery, Ala., for Assoc. of County Comm.—amicus curiae.

Ted Taylor, Prattville, Ala., for Autauga County—Probate Judge, Sheriff and Circuit Clerk.

Tom Nicholson, Maddox, MacLaurin, Nicholson & Thornley, Jasper, Ala., for Walker County—Probate Judge, Circuit Clerk and Sheriff.

Julian D. Butler, Butler & Royer, Huntsville, Ala., for Madison County—Judge of Probate, Circuit Clerk and Sheriff.

John R. Phillips, Phillips & Rice, Anniston, Ala., for Calhoun County—Sheriff, Circuit Clerk and Probate Judge.

James G. Lee, Lee, Barrett & Mullins, Tuscaloosa, Ala., for Tuscaloosa County.

B.J. McPherson, Oneonta, Ala., for Blount County—Judge of Probate, Circuit Clerk and Sheriff.

Hellums & Meigs, Centreville, Ala., for Bibb County.

John Hollis Jackson, Jr., Clanton, Ala., for Chilton County—Circuit Clerk, Judge of Probate and Sheriff.

Fine & Associates, Russellville, Ala., for Franklin County.

Wayne H. Smith, Heflin, Ala., for Cleburne County—Judge of Probate, Sheriff and Circuit Clerk.

H. Edward McFerrin, Poole & McFerrin, Greenville, Ala., for Butler County—Probate Judge, Sheriff and Circuit Clerk.

Alton L. Turner, Turner & Jones, Luverne, Ala., for Crenshaw County—Judge of Probate, Circuit Clerk and Sheriff.

Jonathan A. (Alex) Brown, Young, Gosa & Brown, Vernon, Ala., for Lamar County.

Allen Grocholski, Holder, Moore & Grocholski, Fayette, Ala., for Fayette Co.

Houston & Martin, Eufaula, Ala., for Barbour County—Judge of Probate, Circuit Clerk and Sheriff.

Charles S. Conley, Montgomery, Ala., for Macon County.

Frederick L. Fohrell, and H. William Wasden, Assistant Legal Advisors to the Governor, Montgomery, Ala., for defendant Hunt.

Joe Espy, III, Melton & Espy, Montgomery, Ala., for State Demo. Exec. Comm.

## ORDER AND INJUNCTION

MYRON H. THOMPSON, District Judge.

On July 19, 1985, this court entered an order in this case requiring that all but two of Alabama's 67 county "appointing authorities" appoint more black persons as poll officials. *Harris v. Graddick*, 615 F.Supp. 239 (M.D.Ala.1985). Compliance with the order was assured by mandatory, detailed record-keeping and the opportunity for renewed judicial scrutiny if necessary. *Id.*, at 244–49. Three years later, on June 30, 1988, the court issued a memorandum opinion in which the court found that "the State of Alabama has over the last 100 years adopted and enforced, first, a policy of appointing only white poll officials and, second, a policy of keeping the electoral process closed to black citizens by law and through the use of fraud, force, and intimidation." *Harris v. Siegelman*, 695 F.Supp. 517, 529 (M.D.Ala.1988). The court also found that the state retains on its law books today two racially-inspired statutory provisions, codified in 1975 Code of Alabama § 17–8–29, that (a) require a voter seeking assistance to swear an oath that he or she is unable to write the English language, and (b) limit to five minutes the time that a voter may remain inside the voting booth. *Id.*, at 525. The court then concluded that "these policies and law continue today to have substantial adverse effects on the black citizens of this state." *Id.* In the order which accompanied the 1988 memorandum opinion, the court required that the plaintiffs and the Governor and Attorney General of the State of Alabama submit to the court proposals which would completely eradicate any and all continuing adverse effects resulting from those state policies and law condemned by the court. *Id.*, at 530.

This lawsuit is again before the court, this time on the plaintiffs' motion for enforcement, in which the plaintiffs complain that very few county appointing authorities have complied with the 1985 order. Also before the court is the issue of relief under the 1988 order. In resolution of all of these remaining matters, the court enters the following injunction.

It is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the plaintiffs' motion for enforcement, filed April 24, 1987, be and it is hereby granted as hereinafter set forth; and

(2) That the State of Alabama, its Governor, its Attorney General, and its Secretary of State be and they are each hereby ENJOINED and RESTRAINED from failing to do the following:[1]

(A) Mailouts: The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General, shall prepare and mail a letter, strongly emphasizing the need for full and immediate compliance with all orders in this lawsuit, to all probate judges, sheriffs, circuits clerks, county commissions, chairpersons of county and state Democratic and Republican party executive committees, and district attorneys within the state. The letter shall include:

(i) Copies of this order and of the court's orders of June 30, 1988, and July 19, 1985;

(ii) A reminder that, prior to the November 1988 elections, each county must be in compliance, and report such compliance, with all orders of this court, including those of July 19, 1985, and June 30, 1988; and

(iii) A warning that, in accordance with prior court orders, future attorney fees

---

1. By agreement of the parties, the State of Alabama was recently added as a defendant. Also, although the Secretary of State is not a defendant, the Secretary has agreed that the injunction may issue against him.

incurred due to noncompliance may be borne by noncomplying counties.

The State of Alabama, through the Secretary of State, shall also send a copy of this letter to major local newspapers—at least one per county.

Additionally, the State of Alabama, through the Secretary of State, with the advice and consent of the Governor and Attorney General, shall provide to municipal mayors and clerks a copy of this order and of the court's order of June 30, 1988. Moreover, the State of Alabama shall notify municipal mayors and clerks that the provisions of this injunction are applicable to all future municipal elections, but that only sections (E) and (F) of the injunction shall be applicable to the municipal run-off elections of September 13, 1988. The Secretary of State, with the advice and consent of the Governor and Attorney General, shall include, with the copies of this court's orders, an explanatory letter (1) advising municipal election officials that he is enjoined to inform them of the court's orders and (2) recommending to them methods of implementing sections (E) and (F) of this order. Municipal election officials may, only during the September 13, 1988 election, improvise in implementing section (E) and use current forms to carry out the intent of that section.

(B) Compliance Reports: The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General, shall provide a one-time compliance check of the court's order of July 19, 1985. Completed compliance reports, similar to those used previously in this litigation, shall be sent to the Secretary of State by each appointing authority (consisting of the county's probate judge, circuit clerk and sheriff) three weeks prior to the November 1988 election. The State of Alabama, through the Secretary of State, will report the results to the Governor, the Attorney General, the plaintiffs, and the court at least five days prior to the November 1988 election. The plaintiffs may move for contempt against any noncomplying entity.

(C) Education: The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General and in consultation with the plaintiffs, shall develop certification standards and an ongoing training program to train and certify a biracial corps of persons who shall conduct workshops in each county for poll officials in that county. The State of Alabama shall present such plan to the court for approval upon its development.

The primary focus of the training shall be to help poll officials understand all federal and state laws governing elections, including changes in the law brought about as a result of this lawsuit. Additionally, attendees shall be trained in such areas as the proper preparation and return of election documents and the development of appropriate attitudes and skills necessary to handling election-day problems promptly and effectively.

Training and certification sessions, as well as county workshops, shall be open to the public for observation and comment. Poll officials, community leaders, city clerks and managers, mayors, probate judges, sheriffs, circuit clerks, and interested citizens shall be encouraged to attend. The Secretary of State shall publicize such training sessions and workshops by means of news releases and notices to churches and community organizations, and, in particular, to predominantly black ones. The State of Alabama, through the Secretary of State, shall submit to the court, for its approval, a summary of the efforts the State intends to take to provide the required publication. The first series of training and certification sessions and county workshops shall be held prior to the November 1988 elections.

Any person who attends and is certified at a state training and certification session or county workshop shall be eligible for appointment as a poll official, notwithstanding the fact that such person might not have been nominated by a political party to serve as a poll official. The State of Alabama, through the Secretary of State, shall certify to the respective appointing

authorities the names of all persons completing a state training session or county workshop.

The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General and in consultation with the plaintiffs, shall develop an educational video cassette training film to inform citizens of those laws and procedures, both federal and state, governing elections. Copies of the film shall be made available for loan to community and citizen groups, schools, colleges, churches, local officials, and interested citizens. The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General, shall also develop and oversee the implementation of a program to notify predominately black schools, colleges and churches of the film's existence, contents, and availability; the State of Alabama, through the Secretary of State, shall submit the program to the court for approval. Sufficient copies of the film shall be produced so that any organization, entity, or interested citizen who desires to borrow the film may do so within a reasonable time period. Finally, the State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General, shall also make a special effort to educate youth—in particular, black youth—concerning the voting process and their responsibility to vote and to encourage them to vote. The State of Alabama, through the Secretary of State, shall submit to the court for approval a summary of the efforts the State intends to take to meet its educational obligations.

(D) Complaint/Evaluation Form and Procedure: The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General and in consultation with the plaintiffs, shall develop an Election Day Complaint/Evaluation Form to be distributed and displayed at polling places on election day. This form will be available to any interested voter. Upon completion, the form may be filed with the probate judge of the county where the voter resides, or with the Secretary of State. The probate judge shall, within two days of receipt of any form, forward a copy of the form to the Secretary of State. The Secretary of State shall, within two days of receipt of any form from a voter or copy of a form from a probate judge, forward copies of the form to the Governor and Attorney General, and to the probate judge of the county where the voter completing the form resides, unless the probate judge already has a copy. This information will be used to help monitor the election system and improve training programs.

The State of Alabama, through the Secretary of State, the Governor, and the Attorney General, shall review all complaints that are filed. If a complaint, individually or in concert with other filed complaints, provides "probable cause" of wrongdoing, the State of Alabama, through the Secretary of State, the Governor and the Attorney General, shall investigate the matter. Where feasible, such complaints of wrongdoing shall be resolved informally in conjunction with local officials. However, whenever the Secretary of State in conjunction with the Governor and the Attorney General determines that a complaint is meritorious and where informal means do not resolve the problem, the State of Alabama, through the Secretary of State and upon the consent of a majority of the Secretary of State, the Attorney General and the Governor, shall be empowered to ban any poll official or worker from future service in that capacity within the state.

(E) Assistance to Voters: The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General, shall develop a poster stating the current law regarding assistance available to voters. The State of Alabama, through the probate judges, shall place such poster at each polling place during each election. Any person who wishes assistance in voting may have that assistance from any person the voter chooses, except as prohibited in the Voting Rights Act of 1965, as amended, 42 U.S. C.A. §§ 1971, *et seq.* To obtain assistance, the voter must specifically request assistance by naming the person from whom

assistance is sought and by signing the correct space in the revised voters' poll list discussed below.

The State of Alabama, through the Secretary of State, shall revise and promulgate a new voters' poll list—that is, the list signed by voters—to be used in all counties. The revised list shall be designed in such a manner as to permit a voter to sign in either a column requesting assistance or in a column not requesting assistance. An additional column shall be provided on the list for the signature of the person assisting the voter.[2]

(F) Time Limitation: Pending passage of legislation providing otherwise, the following policy shall be effective:

Any voter remaining in a voting machine, or in the polling place in the case of paper ballots, for four minutes or longer may be asked by a poll official if he or she requires assistance. At the same time, the voter shall be reminded that he or she has the right to have the assistance of any other person permitted by law, and that the poll officials may assist the voter if he or she so desires. If the voter does not desire assistance, the voter shall be permitted to remain in the voting booth, or polling place, for no less than one additional minute. At the end of this additional minute and if there exists a line of individuals waiting to vote, the voter may be informed that time is up and be asked to leave; but, if there is no line, the voter shall have as much time as necessary to finish voting. If the voter does request assistance, the voter may have the assistance of any person of his or her choosing currently in the polling place, as allowed by this order and federal law, and may have no less than an additional

five minutes to vote. At the end of this additional five minutes and if there exists a line, the voter may be informed that time is up and be asked to leave the polling place; but, if there is no line, the voter shall have as much time as necessary to finish voting. Before an assisted voter exits the polling place, the voters' poll list must be revised to reflect that assistance was received.[3]

(G) Polling Official's Affidavit: The State of Alabama, through the Secretary of State with the advice and consent of the Governor and Attorney General, shall revise the oath signed by poll officials to include a provision affirming that the poll official will not discriminate in any manner against any voter because of race, sex, religion or political affiliation. The State of Alabama, through the Secretary of State, probate judges, circuit clerks, and sheriffs, shall require each poll official to sign such oath. Any person failing or refusing to affirm as required shall not be permitted to serve as a poll official. Poll officials shall be made aware of this requirement at county workshops and training and certification sessions.

It is further ORDERED that costs and attorney fees, related to enforcement of consent decrees or other orders of the court, which may later be awarded in favor of the plaintiffs and against members of the defendant class, shall not be borne by the State of Alabama, its Governor, its Attorney General, or its Secretary of State.

It is further ORDERED that the provisions of this injunction shall govern all governmental elections held in the state of Alabama, including, but not limited to, state, county, and municipal elections, and

---

**2.** The plaintiffs challenged, and the court condemned, the voter assistance provision found in 1975 Code of Alabama § 17–8–29. *Harris v. Siegelman,* 695 F.Supp. at 525. The court notes that there are voter assistance provisions in other sections of the Alabama Code. Section 11–46–40 has a similar voter assistance provision concerning elections in municipalities with a mayor-council form of government, and § 11–46–111 has a voter assistance provision with regards to elections in municipalities with a commission form of government. The provisions of today's injunction supersede these and all other statutory voter assistance provisions.

**3.** As with the voter assistance provision discussed previously, the court's opinion in *Harris v. Siegelman* only addressed the time limit provision in 1975 Code of Alabama § 17–8–29. *Id.,* at 525. Section 17–8–29 is not the only voter time limit provision in the Alabama Code. For example, § 11–46–42 has a five-minute time limit for city elections, and § 17–9–23 has a three-minute limit for voting machines. The provisions of today's injunction are intended to supersede these and all other statutory provisions concerning voter time limits.

shall remain in full force and effect for five years from the date of this order, unless said provisions, or some of them, are sooner modified by legislative action which complies with the laws and Constitution of the United States.

It is further ORDERED that the State of Alabama, its Governor, and its Attorney General, are dismissed as parties to this action, effective December 31, 1988.

The clerk of the court is DIRECTED to issue a writ of injunction.